IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN R. DEMOS, #287-455            *

v.                              *     CIVIL ACTION NO. CCB-15-1582

The CIA, et al.,               *
                                  *****

## MEMORANDUM

On June 1, 2015, John R. Demos, an inmate incarcerated at the Washington State Penitentiary in Walla Walla, Washington, filed the instant case naming "The C.I.A., The F.B.I., and The President of the U.S.A." as defendants. ECF 1, p. 1. Demos alleges that the CIA was complicit in the murder of Dr. Martin Luther King, Malcolm X and Medgar Evers. ECF 1, p. 1. Demos further alleges he is a former CIA operative whose duties were to destroy documents that were requested by Congress or the FBI. *Id*., p. 3. He states that "The C.I.A. would kidnap a person, then go to a funeral home and get a dead corpse, perform cosmetic facial surgery on the corpse, and pass the corpse off as the body of the kidnapped person." *Id*. The self –styled "criminal complaint" does not specify what relief he seeks. ECF 1. Demos has neither paid the civil filing fee nor filed a filed a motion for leave to proceed in forma pauperis. ECF 2. Given his incarceration and previous filings, he appears to be impoverished.

A prisoner is not allowed to bring a civil action under the provisions of 28 U.S.C. § 1915 if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The undersigned, who is familiar with Demos's previous civil filings, notes that since 1997, Demos

has had numerous cases dismissed as frivolous and at least two which were previously dismissed under 28 U.S.C. § 1915(g).[1]  In the instant case, Demos does not allege nor in any way indicate that he "is under imminent danger of serious physical injury."  In light of the foregoing, the court concludes the case shall be dismissed without prejudice.[2]

　　　A separate Order follows.


June 16, 2015                                    /S/_____
Date                                             Catherine C. Blake
                                                 United States District Court


---

[1] *See Demos v. Motellap*, Civil Action No. MJG-00-698 (D. Md. 2000); *Demos v. Doe*, Civil Action No. MJG-00-547 (D. Md. 2000); *Demos v. Doe*, Civil Action No. JG-00-1035 (E.D. Pa. 2000); *Demos v. Scott Paper Co.*,  Civil Action No. JG-97-4109 (E.D.Pa. 1997); *Demos v. Mikulski*, Civil Action No. CCB-03-1730 (D. Md. 2003); *Demos v. United States*, Civil Action No. CCB-09-3205 (D. Md. 2009); *Demos v. Washington State*, Civil Action No. CCB-10-006 (D. Md. 2010).

　　The foregoing is a small sampling of the cases filed by Demos which were *sua sponte* dismissed by the court. The court notes that a review of PACER reveals that plaintiff has filed hundreds of cases throughout the country, the bulk of which have been filed in the United States District Court for the District of Washington.  Staff at the United States District Court for the District of Washington report that plaintiff is subject to a bar order, entered prior to the adoption of the PLRA, wherein plaintiff's cases are screened before they are accepted for filing.

　　[2] Even if Demos paid the civil filing fee the complaint would be subject to dismissal as he has no legally protected interest in the prosecution of others. The Supreme Court said in *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973): "[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *See also Banks v. Buchanan*, 336 Fed. App'x 122, 123 (3d Cir. 2009); *Sargeant v. Dixon*, 130 F.3d 1067, 1069 (D.C. Cir. 1997); *Sibley v. Obama*, 866 F. Supp. 2d 17, 22 (D.D.C. 2012) aff'd, Civ. No. 12-5198, 2012 WL 6603088 (D.C. Cir. Dec. 6, 2012), cert denied, ____ U.S. ____, 133 S. Ct. 1263 (2013); *Speight v. Meehan*, Civ. No. 08-3235, 2008 WL 5188784, at *3 (E.D. Pa. Dec. 9, 2008).